UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Jonathan Garcia,
and other similarly
situated individuals,

     Plaintiff(s),

v.

U.S. Special Service Corporation
Ivan S. Santos, Nidalia Abdalletif
and James G. Abdalletif, individually,

     Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

     Comes now the Plaintiff Jonathan Garcia and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants U.S. Special Service Corporation, Ivan S. Santos, Nidalia Abdalletif, and James G. Abdalletif, individually, and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover monetary damages for unpaid regular and overtime wages and retaliation under United States laws. This Court has

jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Jonathan Garcia is a resident of Orlando County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant U.S. Special Service Corporation (from now on U.S. Special Service, or Defendant) is a Florida corporation having a place of business in Winterpark, Orange County, within this Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendants Ivan S. Santos, Nidalia Abdalletif, and James G. Abdalletif were and are now the owners/partners/officers and Managers of Defendant corporation U.S. Special Service. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Orange County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Jonathan Garcia as a collective action to recover from Defendants regular and overtime compensation, retaliatory and liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC

§ 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after February 2023, (the "material time") without being adequately compensated.

7. Defendant U.S. Special Service is a company that specializes in transporting prisoners between correctional facilities. U.S. Special Service is located at 401 Sandlewood CV, Winterpark, FL 32789.

8. Defendant U.S. Special Service was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a transportation company. Defendant had more than two employees recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a driver transporting prisoners across interstate lines. Therefore, there is individual coverage.

10. Defendants U.S. Special Service, Ivan S. Santos, Nidalia Abdalletif, and James G. Abdalletif employed Plaintiff Jonathan Garcia as a non-exempted, full-time driver from approximately February 06, 2023, to February 19, 2023, or 2 weeks.

11. Plaintiff worked under the supervision of business owners Ivan S. Santos, Nidalia Abdalletif, and James G. Abdalletif.

12. Plaintiff was offered a wage rate of $25.00 an hour.

13. During his first week of employment, Plaintiff was required to receive training.

14. Plaintiff was provided with firearms and a 14 passengers van, and he was sent with a female co-worker to transport prisoners between different prisons on the East Coast. Although Plaintiff did not have a license to pick up inmates, or to use firearms. Plaintiff was instructed by Defendants to inform the prisons that he had lost his extradition officer ID.

15. In his second week of employment, Plaintiff worked from Monday to Sunday a double shift of 16 hours daily. Plaintiff rested while traveling, but he was on duty for 24 hours. Plaintiff stopped only to put gas, use the bathroom, and to by food through a drive-thru.

16. Plaintiff drove daily and weekly more than the legal number of hours required by state and federal law.

17. When Plaintiff returned from his seven-day job assignment, Plaintiff was informed that he would be paid only 40 hours or $ 1,000.00 for the entire week.

18. Plaintiff complained and requested to be paid for all his hours worked including his first week of training.

19. As a direct result of Plaintiff's complaint, Defendants fired Plaintiff on the spot. Owner James G. Abdalletif stated: "I will never pay you a single dollar. Go and hire an Attorney, if you can"

20. At all times, during Plaintiff's employment, Defendants were in absolute control of Plaintiff's route, and they knew about the number of hours and driving activities of Plaintiff.

21. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

22. Defendants never paid Plaintiff his hours worked at any rate, not even at the minimum wage rate, as required by law.

23. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

24. At times mentioned, individual Defendants Ivan S. Santos, Nidalia Abdalletif, and James G. Abdalletif were, and are now, the owners/partners/managers of U.S. Special Service. Defendants Ivan S. Santos, Nidalia Abdalletif, and James G. Abdalletif were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in U.S. Special Service's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Ivan S. Santos, Nidalia Abdalletif, and James G. Abdalletif had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

25. Plaintiff Jonathan Garcia seeks to recover unpaid regular and overtime wages for every hour worked over 40 during his employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

26. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

27. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated

individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

28. This action is intended to include every driver and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

29. Plaintiff Jonathan Garcia re-adopts every factual allegation stated in paragraphs 1-28 above as if set out in full herein.

30. This action is brought by Plaintiff Jonathan Garcia and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

31. Defendants U.S. Special Service, Ivan S. Santos, Nidalia Abdalletif, and James G. Abdalletif employed Plaintiff Jonathan Garcia as a non-exempted,

full-time driver from approximately February 06, 2023, to February 19, 2023, or 2 weeks.

32. Plaintiff was offered a wage rate of $25.00 an hour.

33. During his first week of employment, Plaintiff was required to receive training, and he did not work more than 40 hours per week.

34. In his second week of employment, Plaintiff worked from Monday to Sunday a double shift of 16 hours daily. Plaintiff rested while traveling, but he was on duty for 24 hours. Plaintiff stopped only to put gas, use the bathroom, and to by food through a drive-thru.

35. Plaintiff was on duty 24 hours for 7 days. Thus, Plaintiff should be compensated for 168 hours.

36. When Plaintiff returned from his seven-day job assignment, Plaintiff was informed that he would be paid only 40 hours or $ 1,000.00 for the entire week.

37. Plaintiff complained and requested to be paid for all his hours worked including his first week of training.

38. As a direct result of Plaintiff's complaint, Defendants fired Plaintiff on the spot.

39. At all times, during Plaintiff's employment, Defendants were in absolute control of Plaintiff's route, and they knew about the number of hours and driving activities of Plaintiff.

40. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

41. Defendants never paid Plaintiff his hours worked at any rate, not even at the minimum wage rate, as required by law.

42. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

43. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage

payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

45. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      Four Thousand Eight Hundred Dollars and 00/100 ($4,800.00)

   b. <u>Calculation of such wages</u>:

      Total period of employment: 2 weeks
      Relevant weeks of employment:  1 week
      Total number of hours worked:  168 hours
      Total number of overtime hours: 128 O/T hours
      Regular rate:  $25.00 an hour x 1.5=$37.50 O/T
      O/T rate: $37.50

      $37.50 x 128 O/T hours=$4,800.00 weekly x 1 week=$4,800.00

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

      This amount represents unpaid half-time overtime wages.[1]

46. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves his right to amend the calculations.

by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

47. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

48. Defendants U.S. Special Service, Ivan S. Santos, Nidalia Abdalletif, and James G. Abdalletif willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

49. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Jonathan Garcia and those similarly situated respectfully

request that this Honorable Court:

A.  Enter judgment for Plaintiff Jonathan Garcia and other similarly situated individuals and against the Defendants U.S. Special Service, Ivan S. Santos, Nidalia Abdalletif, and James G. Abdalletif based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B.  Award Plaintiff Jonathan Garcia actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Jonathan Garcia demands a trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

50. Plaintiff Jonathan Garcia re-adopts every factual allegation as stated in paragraphs 1-28 of this Complaint as if set out in full herein.

51. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

      (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

      (B) $6.55 an hour, beginning 12 months after that 60th day; and

      (C) $7.25 an hour, beginning 24 months after that 60th day.

52. Defendants U.S. Special Service, Ivan S. Santos, Nidalia Abdalletif, and James G. Abdalletif employed Plaintiff Jonathan Garcia as a non-exempted, full-time driver from approximately February 06, 2023, to February 19, 2023, or 2 weeks.

53. Plaintiff was offered a wage rate of $25.00 an hour.

54. During his first week of employment, Plaintiff was required to receive training, and he did not work more than 40 hours per week.

55. In his second week of employment, Plaintiff worked from Monday to Sunday a double shift of 16 hours daily. Plaintiff rested while traveling, but he was on duty for 24 hours. Plaintiff stopped only to put gas, use the bathroom, and to by food through a drive-thru.

56. When Plaintiff returned from his seven-day job assignment, Plaintiff was informed that he would be paid only 40 hours or $ 1,000.00 for the entire week.

57. Plaintiff complained and requested to be paid for all his hours worked including his first week of training.

58. As a direct result of Plaintiff's complaint, Defendants fired Plaintiff on the spot.

59. At the time of his termination, Defendants refused to pay Plaintiff his hours worked at any rate, not even at the minimum wage rate, as required by law.

60. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

61. At all times, during Plaintiff's employment, Defendants were in absolute control of Plaintiff's route, and they knew about the number of hours and driving activities of Plaintiff.

62. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

63. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals.

64. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

65. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

66.  Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  <u>Total amount of alleged unpaid wages</u>:

       Eight Hundred Eighty Dollars and 00/100 ($880.00)

    b.  <u>Calculation of such wages</u>:

       Total period of employment: 2 weeks
       Total number of unpaid weeks: 2 weeks
       Total number of unpaid hours: 40 regular hours weekly
       Fl Minimum wage 2023: $11.00

       $11.00 x 40 hours=$440.00 weekly x 2 weeks= 880.00

    c.  <u>Nature of wages</u>:

       This amount represents regular unpaid wages at the Florida minimum wage rate.[2]

67. Defendants unlawfully failed to pay minimum wages to Plaintiff.

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves his right to amend the calculations.

68. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

69. Defendants U.S. Special Service, Ivan S. Santos, Nidalia Abdalletif, and James G. Abdalletif willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

70. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Jonathan Garcia respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants U.S. Special Service, Ivan S. Santos, Nidalia Abdalletif, and James G. Abdalletif based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Jonathan Garcia and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

**<u>COUNT III:</u>**
**<u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;</u>**
**<u>PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS</u>**

71. Plaintiff Jonathan Garcia re-adopts every factual allegation stated in paragraphs 1-28 of this Complaint as if set out in full herein.

72. Defendant U.S. Special Service was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

73. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

74. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

75. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

76. Likewise, 29 USC 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……"

77. Defendants U.S. Special Service, Ivan S. Santos, Nidalia Abdalletif, and James G. Abdalletif employed Plaintiff Jonathan Garcia as a non-exempted, full-time driver from approximately February 06, 2023, to February 19, 2023, or 2 weeks.

78. Plaintiff was offered a wage rate of $25.00 an hour.

79. During his first week of employment, Plaintiff was required to receive training, and he did not work more than 40 hours per week.

80. In his second week of employment, Plaintiff worked from Monday to Sunday a double shift of 16 hours daily. Plaintiff rested while traveling, but he was on duty for 24 hours. Plaintiff stopped only to put gas, use the bathroom, and to by food through a drive-thru.

81. When Plaintiff returned from his seven-day job assignment, Plaintiff was informed that he would be paid only 40 hours or $1,000.00 for the entire workweek.

82. Plaintiff complained and requested to be paid for all his hours worked including his first week of training.

83. This Complaint constituted protected activity under the FLSA.

84. However, as a direct result of Plaintiff's complaint, Defendants fired Plaintiff on the spot.

85. At the time of his termination, Defendants refused to pay Plaintiff his hours worked at any rate, not even at the minimum wage rate, as required by law.

86. Defendant James G. Abdalletif told Plaintiff: "I will never pay you a single dollar. Go and hire an Attorney, if you can"

87. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

88. At all times, during Plaintiff's employment, Defendants were in absolute control of Plaintiff's route, and they knew about the number of hours and driving activities of Plaintiff.

89. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in

excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

90. Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

91. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

92. There is close proximity between Plaintiff's protected activity and his termination.

93. The motivating factor which caused Plaintiff's discharge as described above was his complaint seeking unpaid regular and overtime wages from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid regular and overtime wages.

94. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

95. Plaintiff Jonathan Garcia has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Jonathan Garcia respectfully requests that this Honorable

Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants U.S. Special Service, Ivan S. Santos, Nidalia Abdalletif, and James G. Abdalletif that Plaintiff Jonathan Garcia recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants U.S. Special Service, Ivan S. Santos, Nidalia Abdalletif, and James G. Abdalletif to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Jonathan Garcia further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Jonathan Garcia demands a trial by a jury of all issues triable as a right by a jury.

Dated: July 31, 2023

Respectfully submitted,

By: **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*